**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Shawn Bossardet, | No. CV-21-00179-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Healthcare, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Permission to Utilize Limited-Scope Representation (Doc. 15) and Amended Motion for Leave to Enter Limited Scope Appearance to Serve Director Shinn (Doc. 21).[1] No responses have been filed.[2]

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment violations in connection with the treatment of his health care needs while incarcerated at the Arizona State Prison Complex in Tucson, Arizona ("ASPC-Tucson"). (*See* Doc. 1.) The Court granted Plaintiff leave to file an amended complaint (Doc. 16) and Plaintiff's First Amended Complaint ("FAC") alleges First and Eighth Amendment violations against multiple Defendants (Doc. 17).

---

[1] Other pending motions will be resolved separately.
[2] It appears that service has been executed only as to Defendants Hodge and Riley. (*See* Docs. 9-10.)

In his Motions, Plaintiff seeks leave for attorney Stacy Scheff to represent him in a limited capacity. In his Motion for Permission to Utilize Limited-Scope Representation, Plaintiff requests that Ms. Scheff be appointed to represent him in a limited scope in this matter, including taking depositions. (Doc. 15.) In his Amended Motion for Leave to Enter Limited Scope Appearance to Serve Director Shinn, Ms. Scheff, on Plaintiff's behalf, seeks leave to enter a limited-scope appearance for the sole purpose of serving Defendant Shinn with the FAC and the pending Second Motion for Preliminary Injunction. (Doc. 21.) Ms. Scheff further requests that she be permitted to withdraw her appearance once Shinn has been served. (*Id.*)

Arizona's Local Rules of Civil Procedure are silent as to an attorney's limited scope appearance in a federal action. Rule 83(b) of the Federal Rules of Civil Procedure provides that when there is no controlling law, a "judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."

The Court finds that granting Ms. Scheff leave to appear in a limited scope on Plaintiff's behalf will facilitate the just and efficient resolution of this action. Therefore, the Court will grant Plaintiff's Amended Motion for Leave to Appear Limited Scope for Service of Process on Director Shinn. (Doc. 21.) Ms. Scheff shall file a Notice of Appearance stating the scope of her representation of Plaintiff in this matter. However, because Ms. Scheff has not stated that she has agreed to take depositions on Plaintiff's behalf and has not yet entered an appearance on Plaintiff's behalf, the Motion for Permission to Utilize Limited-Scope Representation (Doc. 15) will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that the Motion for Permission to Utilize Limited-Scope Representation (Doc. 15) is **denied without prejudice**.

. . . .

. . . .

**IT IS FURTHER ORDERED** that the Amended Motion for Leave to Enter Limited Scope Appearance to Serve Director Shinn (Doc. 21) is **granted**. Ms. Scheff shall file a Notice of Appearance stating the scope of her representation of Plaintiff.

Dated this 29th day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge