WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Shawn Bossardet,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Centurion Healthcare, et al.,<br><br>　　　　Defendants. | No. CV-21-00179-TUC-RM<br><br>**ORDER** |

Pending before the Court are (1) Plaintiff's Motion for Hearing or Conference Re: Discovery Disputes and Motion for Leave to File Written Discovery Motion (Doc. 25); (2) Plaintiff's Motion for Defendants to Comply with Fed. R. Civ. P. 16 and 26 (Doc. 12); (3) Plaintiff's Motion for Leave to Depose Defendants Riley and Hodge (Doc. 38), and (4) Plaintiff's Motion for Reconsideration (Doc. 49).[1] The Motions are fully briefed, and the Court did not order a response to the Motion for Reconsideration. *See* LRCiv 7.2(g)(2).

## I.　　Background

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment violations in connection with the treatment of his medical needs while he was incarcerated in the Arizona State Prison Complex in Tucson, Arizona ("ASPC-

---
[1] All other pending Motions will be resolved separately.

Tucson"). (*See* Doc. 1.) The Court granted Plaintiff leave to file an amended complaint (Doc. 16) and Plaintiff's First Amended Complaint ("FAC") alleges First and Eighth Amendment violations against multiple Defendants (Doc. 17). The Court ordered Defendant Centurion to answer Counts One and Three of the FAC; ordered Defendants Riley, Hodge, and Hines to answer Counts One and Two; ordered Defendants Graybill, Alanso, Ferguson, Salgado, and Elliott to answer Count One, and ordered Defendant Shinn to answer Counts One and Three in his official capacity to the extent Plaintiff seeks injunctive relief. (Doc. 16 at 23-24.)

The Court's October 4, 2022 Scheduling Order states that this proceeding is a Detainee Track case governed by Rule 16.2(b)(2) of the Local Rules of Civil Procedure ("LRCiv") and is exempt from the requirements of initial disclosures and discovery plans pursuant to Rule 26(a)(1)(B) and 26(f) of the Federal Rules of Civil Procedure. (Doc. 13.) The Scheduling Order sets a February 28, 2022 deadline for completion of discovery. (*Id.*)

Defendants Hodge and Riley filed an Answer to the FAC on November 23, 2021 (Doc. 35), and Defendant Shinn filed an Answer on December 9, 2021. (Doc. 53.) Defendants Alanso, Centurion, Elliott, Ferguson, Graybill, Hines, and Salgado waived service of the summons on November 29, 2021. (Docs. 40-46.)

**II.    Motion for Hearing or Conference Re: Discovery Disputes and Motion for Leave to File Written Discovery Motion**

Plaintiff requests leave to file a written discovery motion and/or to be heard at a telephonic conference regarding two issues: (1) Defendants' Hodge and Riley's counsel's refusal to permit him to depose Hodge and Riley, and (2) Defendants' Hodge and Riley's counsel's refusal to produce his medical records. (Doc. 25.) In an attached declaration, Plaintiff avers that he had a telephone conversation with Defendants Hodge and Riley's counsel on October 22, 2021, and that during the call, Defendants' counsel declined to disclose Plaintiff's medical records and stated that she would not agree to Plaintiff deposing Hodge and Riley. (*Id.* at 5-6.)

Defendants Hodge and Riley responded to the Motion, stating that Plaintiff's Motion is not ripe because it was filed before responses to Plaintiff's discovery requests were due and before Plaintiff had sought to take Defendants Hodge and Riley's depositions. (Doc. 31 at 1-2.) Defendants also aver that Plaintiff has access to his own medical records, and they argue that Plaintiff has not demonstrated that he followed the appropriate procedures to view and/or obtain those records. (*Id.* at 1.) Plaintiff filed a Reply, stating that he could not notice the depositions of Hodge and Riley without first obtaining defense counsel's cooperation with scheduling and the Court's leave to take the depositions. (Doc. 36 at 1-3.) Plaintiff also disputes Defendants' averment that he has access to his medical records. (*Id.* at 3-4.)

The Court's Scheduling Order requires the parties to engage in personal consultation in a sincere effort to resolve discovery disputes without court intervention. (Doc. 13 at 2-3.) A party may request a telephonic conference or permission to file a written discovery motion only if the dispute cannot be resolved despite the parties' sincere efforts. (*Id.*) A party must obtain leave of Court before filing a written discovery motion. (*Id.* at 2.)

By filing a request for a telephonic conference or leave to file a written discovery motion, Plaintiff has demonstrated an attempt to comply with the Court's discovery-dispute procedures; however, he violated those procedures by also prematurely filing written discovery motions concerning his medical records and the depositions of Hodge and Riley before obtaining leave of Court. Prior to filing his Motion requesting a telephonic conference or leave to file a written discovery motion, Plaintiff filed a Motion for Defendants to Comply with Rules 16 and 26, which addresses Plaintiff's alleged inability to access his medical records. (Doc. 12.) After filing his Motion requesting a telephonic conference or leave to file a written discovery motion, but before receiving a ruling on the Motion, Plaintiff filed a Motion for Leave to Depose Defendants Riley and Hodge. (Doc. 38.)

In the interest of judicial efficiency, the Court will address Plaintiff's Motion for Defendants to Comply with Rules 16 and 26 (Doc. 12) and his Motion for Leave to Depose Defendants Riley and Hodge (Doc. 38). However, the Court reminds Plaintiff that he must obtain leave of Court *before* filing written discovery motions. The Court will strike from the docket any future written discovery motions that are filed without leave of Court.

### III. Motion for Defendants to Comply with Fed. R. Civ. P. 16 and 26

Plaintiff's Motion asks the Court to order Defendants to produce his medical records, claiming that he has followed the Arizona Department of Corrections' ("ADC") policy for requesting medical records and that he has not received them. (Doc. 12.) Plaintiff relies heavily on his recounting of events in a previous case, *Bossardet v. Ryan*, No. 4:17-CV-00517-TUC-FRZ, in which he alleges the ADC withheld his medical records in a similar manner. (*Id.*)

In response, Defendants Hodge and Riley—the only Defendants who had been served thus far—argue that Plaintiff's requests and arguments do not apply to them and Plaintiff had not issued discovery requests or moved for the issuance of subpoenas. (Doc. 14.) In reply, Plaintiff argues that the attorney representing Hodge and Riley is also Centurion's attorney and thus should have sought his medical records from Centurion; he further argues that he continues to be prejudiced by ADC's failure to provide his records. (Doc. 22.)

Plaintiff's Motion provides no basis for the Court to order Defendants Hodge and Riley to produce his medical records. The Motion does not indicate that Plaintiff has complied with the applicable discovery procedures regarding his medical records, nor does it suggest that Defendants Hodge and Riley have access to his medical records. If Plaintiff is unable to obtain his medical records through the applicable ADC procedures, he may seek to obtain them through discovery requests directed to appropriate defendants or, if necessary, by moving for issuance of subpoenas directed to third parties. *See* Fed. R. Civ. P. 45; Gen. Ord. 18-19.

### IV. Motion for Leave to Depose Defendants Riley and Hodge

Plaintiff requests leave under Federal Rule of Civil Procedure 30(a)(2)(B) to depose Defendants Riley and Hodge. (Doc. 38.) Defendants filed a Response, arguing that their responses to Plaintiff's written discovery requests, along with Plaintiff's medical records, "will be more than enough discovery to address" Plaintiff's allegations against them. (Doc. 54 at 1-2.) Defendants also argue that Plaintiff's Notice of Deposition fails to comply with the Federal Rules of Civil Procedure. (*Id.* at 2 n.1.)

Nothing in the Federal Rules of Civil Procedure or this Court's Scheduling Order requires Plaintiff to obtain leave of Court before conducting depositions. Leave of Court is required if the deponent—i.e., the person testifying under oath at a deposition—is a prisoner. *See* Fed. R. Civ. P. 30(a)(2)(B); Fed. R. Civ. P. 31(a)(2)(B). But neither Rule 30 nor Rule 31 of the Federal Rules of Civil Procedure require a prisoner to obtain leave of Court before taking a deposition.[2]

Because Plaintiff does not need leave of Court to take the depositions of Riley and Hodge, the Court will deny his Motion as moot. If Plaintiff wishes to depose Defendants by oral examination pursuant to Federal Rule of Civil Procedure 30 or by written questions pursuant to Rule 31, he must properly notice the depositions and fully comply with the applicable rules of the Federal Rules of Civil Procedure. "Plaintiff's in forma pauperis status . . . does not entitle him to waiver of witness fees, mileage or deposition officer fees." *Jackson v. Woodford*, No. 05cv0513-L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. August 17, 2007).

### V. Motion for Reconsideration

Plaintiff asks the Court to reconsider its November 18, 2021 Order granting Defendants Hodge and Riley a thirty-day extension to respond to Plaintiff's then-pending discovery requests (Doc. 34). The Order set a deadline—now passed—of December 15, 2021 for Defendants to respond to the discovery requests. (*Id.*) The docket indicates that

---

[2] In *Gutierrez-Valencia v. Ryan*, which Defendants rely upon in their Response, the court's scheduling and discovery order required the plaintiff to obtain leave of the court to take depositions. No. CV-20-00376-PHX-JAT (DMF), 2021 WL 527377, at *3 (D. Ariz. Feb. 12, 2021). This Court's Scheduling Order contains no such provision.

Defendants responded to the discovery requests by the December 15, 2021 deadline. (Docs. 55, 56.) Plaintiff alleges no prejudice from the delayed responses to his discovery requests, nor does he assert grounds for reconsideration pursuant to LRCiv. 7.2(g). Accordingly, Plaintiff's Motion for Reconsideration will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Hearing or Conference Re: Discovery Disputes and Motion for Leave to File Written Discovery Motion (Doc. 25) is **partially denied** to the extent it requests a hearing and **partially granted** to the extent the Court addresses herein Plaintiff's Motion for Defendants to Comply with Fed. R. Civ. P. 16 and 26 and Plaintiff's Motion for Leave to Depose Defendants Riley and Hodge.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Defendants to Comply with Fed. R. Civ. P. 16 and 26 (Doc. 12) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Depose Defendants Riley and Hodge (Doc. 38) is **denied as moot**, as Plaintiff does not need leave of Court to conduct depositions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 49) is **denied**.

Dated this 30th day of December, 2021.

_____
Honorable Rosemary Márquez
United States District Judge