**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Shawn Bossardet,<br><br>    Plaintiff,<br><br>v.<br><br>Centurion Healthcare, et al.,<br><br>    Defendants. | No. CV-21-00179-TUC-RM<br><br>**ORDER** |

Pending before the Court[1] are nine Motions filed by Plaintiff: (1) a Motion for Orders of Default (Doc. 50); (2) a Motion for Clarification (Doc. 59); (3) a Motion to Appoint Counsel (Doc. 61); (4) a Motion for Extension of Time (Doc. 64); (5) a Motion for Leave to File a Supplemental Complaint (Doc. 65); (6) a Second Motion for Extension of Time (Doc. 67); (7) a Motion to Compel Discovery (Doc. 76); (8) a Motion for Extension of Time to Depose Carah Hodge (Doc. 97); and (9) a Motion for Extension of Time to Complete Discovery (Doc. 103).[2] Defendant has responded to all Motions except the Motion for Clarification, the Motion for Extension of Time to Depose Carah Hodge, and the Motion for Extension of Time to Complete Discovery. (Docs. 58, 66, 68,

---

[1] Also pending are Plaintiff's three Motions for Preliminary Injunction (Docs. 18, 47, 69) which will be resolved separately.
[2] The Court finds the Motions suitable for decision without oral argument.

71, 74, 89). Also pending is Defendant's Motion for Extension of Time to Submit Joint Letter Re: Settlement. (Doc. 93.) The Court will resolve the Motions as follows.

## I. Background

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff Bossardet alleges that Defendants Centurion Healthcare, Riley, Hodge, Graybill, Alanso, Ferguson, Hines, Salgado, and Shinn were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*See* Doc. 16.) Plaintiff further states a First Amendment retaliation claim against Defendants Riley, Hodge, and Hines. (*Id.*) He seeks damages and injunctive relief. (*Id.*) The parties are currently engaged in discovery, which is due to be completed on March 14, 2022. (Doc. 91.)

## II. Motion for Orders of Default

Plaintiff asks the Court to find Defendants in "default" of its Orders to respond to Plaintiff's Motions for Preliminary Injunction. (Doc. 50.) However, Defendant Centurion has responded to both Plaintiff's Second and Third Motions for Preliminary Injunction (Docs. 48, 57) and Defendant Shinn joined Centurion's response to the Second Motion for Preliminary Injunction (Doc. 52). Therefore, Plaintiff's request will be denied. The Motions for Preliminary Injunction remain pending before the Court.

## III. Motion for Clarification

Plaintiff seeks clarification from the Court as to whether Defendant's untimely responses require his reply. (Doc. 59.) As all the Motions at issue have now been fully briefed, Plaintiff's request for clarification will be denied as moot.

## IV. Motion to Appoint Counsel

Plaintiff asks the Court to appoint counsel to represent him in this matter because (1) he lacks access to his complete medical records and (2) Plaintiff's requested relief is of "state-wide importance." (Doc. 61.) Defendants oppose the appointment of counsel. (Doc. 66.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In

proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff does not explain how his lack of access to his medical records meets the "exceptional circumstances" standard for appointment of counsel. To the contrary, Plaintiff's numerous detailed and specific—though at times repetitive—filings belie his assertion that he requires the assistance of an attorney to litigate this matter. Moreover, Plaintiff has already retained a limited-scope attorney who has appeared on his behalf. Accordingly, Plaintiff's request will be denied.

**V.  Motion for Leave to File Supplemental Complaint**

Plaintiff seeks to supplement his First Amended Complaint (Doc. 17) to add three new Defendants against whom he alleges claims of deliberate indifference to his medical needs in violation of the Eighth Amendment (Doc. 65). The proposed supplemental compliant alleges claims against three new medical provider Defendants: Sweetapple, Meyer, and DeGuzman. (Doc. 65.) The supplement alleges that, between June 28, 2021, and December 7, 2021, Sweetapple, Meyer, and DeGuzman acted with deliberate indifference to Plaintiff's severe, ongoing pain by (1) refusing to schedule him medical appointments to address his pain and (2) failing to order or discontinuing prescribed pain medication. (*Id*.) Plaintiff alleges that he suffered from "untreated chronic and acute pain from well-documented injuries" as a result of Sweetapple's, Meyer's, and DeGuzman's deliberate indifference. (*Id*.) The deadline to add new parties was November 30, 2021. (*See* Doc. 13.)

Defendant opposes the proposed supplement, arguing that (1) the Motion to Supplement was filed after the deadline for adding parties and is therefore untimely; (2) the proposed Supplemental Complaint fails to state a claim against any of the three new Defendants and therefore is futile; and (3) Defendants will be prejudiced by the proposed amendment at this stage of the litigation. (Doc. 71.)

As Plaintiff moves to add new parties three months after the deadline for doing so, he must show good cause for amending the scheduling order. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard requires a showing that scheduling deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recs. Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*.

Plaintiff has not shown that he could not have met the November 30, 2021 deadline for adding new parties despite his diligence. All the relevant factual allegations against Sweetapple, Meyer, and DeGuzman occurred before November 30, 2021. (*See* Doc. 65.) Plaintiff does not explain why he did not seek to add these new Defendants prior to the deadline, or why he did not previously request an extension of the deadline. Because Plaintiff has failed to show good cause to permit the filing of his proposed supplemental complaint three months after the deadline to add new parties, the Motion will be denied.

### VI. Motion to Compel Discovery

On January 27, 2022, Plaintiff filed a Motion to Compel Discovery. (Doc. 76.) In his Motion to Compel, Plaintiff seeks: (1) additional responses to his Interrogatories directed at Defendants Hodge and Riley; (2) responses to his Requests for Production, including the production of his complete medical records; and (3) additional responses to

his Requests for Admission directed at Defendant Riley. (Doc. 76 at 1-14.) Plaintiff also seeks sanctions against Defendants. (*Id*. at 13-14.)

Defendants argue in opposition that Plaintiff's requests are duplicative and have been fully addressed and that he "has been given access to review [] much of his medical record for himself." (Doc. 89.) They further argue that they provided adequate responses to Plaintiff's discovery requests, and that they amended some of Defendant Riley's Interrogatory responses and provided additional consult request actions after Plaintiff requested them. (*Id*.) They further aver that the parties engaged in a lengthy meet-and-confer telephone call in January 2022 to address Plaintiff's concerns, which resulted in the production of additional documents, and that Plaintiff did not seek another call with defense counsel before filing the instant Motion.

Plaintiff did not request leave to file the instant Motion to Compel, as required by the Court's Scheduling Order. (Doc. 13.) Furthermore, the parties have engaged in personal consultation which has resulted in the resolution of at least some of their discovery disputes (*see* Doc. 89), and it appears that further personal consultation could resolve or narrow the remaining disputes. For these reasons, the Court will deny the Motion to Compel, with leave to file a motion for leave to file a discovery motion, in compliance with the requirements of the Scheduling Order, if the parties are unable to resolve their remaining discovery disputes after further personal consultation.

### VII. Motions for Extension of Time

Both parties have requested short extensions of the remaining deadlines. First, Plaintiff has requested extensions of the discovery and other remaining deadlines because (1) he continues to lack access to his complete medical records and requires additional time to disclose a medical expert; (2) he has not been timely receiving the Court's Orders; and (3) he requires additional time to depose Defendant Hodge because technical and security issues have delayed the scheduling of the deposition. (*See* Docs. 64, 67, 97.) Additionally, Defendants have requested an extension of the deadline to submit a Joint Letter Re: Settlement because they require additional time to prepare the letter in light of

ongoing discussions with Plaintiff. (Doc. 93.) The Court finds that the parties have shown good cause for a short extension of the remaining deadlines, as set forth below.

Accordingly,

**IT IS ORDERED**:

(1) Plaintiff's Motion for Orders of Default (Doc. 50) is **denied**.

(2) Plaintiff's Motion for Clarification (Doc. 59) is **denied**.

(3) Plaintiff's Motion to Appoint Counsel (Doc. 61) is **denied**.

(4) Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 65) is **denied**.

(5) Plaintiff's Motion to Compel Discovery (Doc. 76) is **denied without prejudice.**

(6) Plaintiff's Second Motion for Extension of Time (Doc. 67); Defendant's Motion for Extension of Time to Submit Joint Letter Re: Settlement (Doc. 93); and Plaintiff's Motion for Extension of Time to Depose Carah Hodge (Doc. 97) are **granted**. The remaining deadlines are extended as follows:

    a. Plaintiff shall disclose his medical experts, if any, and their Rule 26(a)(2)(B) reports on or before **March 31, 2022**. Disclosure of rebuttal expert testimony, if any, shall be completed no later than **April 14, 2022**.

    b. The parties shall disclose witness lists on or before **April 14, 2022**.

    c. Discovery, including the deposition of Defendant Hodge and, shall be completed on or before **April 14, 2022**.

    d. Dispositive motions addressing the merits of Plaintiff's claims shall be filed on or before **May 16, 2022**.

    e. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** after resolution of the dispositive motions filed after the end of discovery or, if no such motions are filed, on or before **June 17, 2022**.

    f. All other provisions of the Court's original Scheduling Order (Doc. 13) remain in effect.

(7) Plaintiff's Motion for Extension of Time (Doc. 64) is **denied as moot**.

(8) Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 103) is **denied as moot**.

Dated this 14th day of March, 2022.

                                            Honorable Rosemary Márquez
                                            United States District Judge