**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Shawn Bossardet,<br><br>  Plaintiff,<br><br>v.<br><br>Centurion Healthcare, et al.,<br><br>  Defendants. | No. CV-21-00179-TUC-RM<br><br>**ORDER** |

Pending before the Court are (1) Plaintiff's Motion for Leave to File Motion to Compel Indexes and Orientation Handbooks (Doc. 156) and (2) Plaintiff's Motion for Leave to File Motion to Compel Verifications, Salgado Responses, and Centurion Financials (Doc. 158). Defendants oppose the Motions. (Docs. 166, 170.)

**I.   Background**

Plaintiff Arron Shawn Bossardet, who was initially proceeding pro se but is now represented by counsel, brought this civil rights action under 42 U.S.C. § 1983 asserting Eighth Amendment medical care claims against multiple Defendants. (Doc. 17.) The parties are engaged in discovery and have brought the instant discovery disputes before the Court.

**II.   Indexes and Orientation Handbooks**

Plaintiff seeks leave to file a Motion to Compel production of administrative indexes of his medical records and the orientation handbook for Centurion Healthcare

employees. (Doc. 156.) Plaintiff previously filed a Motion to Compel these same documents (Doc. 128), to which Defendant Centurion responded (Doc. 139). The Court denied the Motion because it was premature and because Plaintiff did not request leave of Court before filing a Motion to Compel. (Doc. 141.) Plaintiff now contends that following two meet-and-confer phone calls with defense counsel, Defendant Centurion refuses to produce the requested indexes of medical records. (Doc. 156.) Plaintiff further contends that defense counsel has indicated that she will seek a protective order before disclosing the orientation handbook. (*Id*.) Defendant opposes Plaintiff's request for leave to move to compel production of the indexes, arguing that (1) there is no credible factual or legal basis for disclosing the indexes and (2) the prior briefing on the issue provides a sufficient basis to deny the request for leave. (Doc. 166.) As to the orientation handbook, Defendant indicates that it intends to provide Plaintiff a potentially redacted index of the handbook, along with a proposed protective order. (*Id*.)

Having the benefit of prior briefing on these issues, the Court will deny the Motion. As Defendant points out in its Response to Plaintiff's prior Motion, Defendant has no obligation pursuant to Fed. R. Civ. P. 26 to produce the administrative indexes because it does not intend to use them in its defense. (Doc. 139.) The Committee Notes to the 2000 Amendment of Fed. R. Civ. P. 26 state that "[t]he scope of the disclosure obligation is narrowed to cover only information that the disclosing party may use to support its position." Defendant states that it does not intend to rely on the administrative indexes for its defense, and Plaintiff cites no other rule or authority that would require their disclosure. Accordingly, the Motion will be denied as to the administrative indexes.

As for the orientation handbook, Defendant indicates that it intends to provide Plaintiff a redacted version of the handbook subject to a proposed protective order. Accordingly, the Motion will be denied as to the orientation handbook. If issues arise concerning the redactions to the handbook, Plaintiff may seek leave to file a discovery dispute motion concerning those issues.

. . . .

### III. Verifications, Salgado Responses, and Centurion Financials

Plaintiff seeks leave to file a Motion to Compel (1) the verifications for the responses to interrogatories by Defendants Hines, Elliott, Alonso, Centurion, and Salgado; (2) Responses to Plaintiff's discovery requests from Defendant Salgado; and (3) Responses to Plaintiff's requests for production of documents #9 & #10 from Centurion regarding documents showing how much money Centurion is making from their contract with ADC. (Doc. 158.) Plaintiff avers that defense counsel has not provided the verifications for the interrogatory responses in a timely manner. (*Id*.) Plaintiff further contends that defense counsel has not supplemented Defendant Salgado's responses in a timely manner. (*Id*.) Plaintiff contends that defense counsel refuses to produce Centurion's financial information because it is not relevant to Plaintiff's claims. (*Id*.)

Defendant Centurion opposes the Motion for Leave, arguing that (1) she has already provided the verifications for responses to interrogatories for Defendants Salgado, Centurion, Elliott, Hines, Alonso, Graybill, and Ferguson; (2) she has already provided supplements to Defendant Salgado's responses; and (3) Plaintiff did not explain his basis for seeking Centurion's financial records and Centurion requested further explanation, but the conversation was cut short. (Doc. 170.) Because Defendant has adequately responded to Plaintiff's concerns raised in the Motion, and because it appears that the issue of disclosure of Centurion's financial information remains live between the parties and has not arisen to the level of a discovery dispute requiring court intervention at this time, the Motion will be denied.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Motion to Compel Indexes and Orientation Handbooks (Doc. 156) and Plaintiff's Motion for Leave to File Motion to Compel Verifications, Salgado Responses, and Centurion Financials (Doc. 158) are **denied**.

Dated this 13th day of July, 2022.

_____
Honorable Rosemary Márquez
United States District Judge