**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Shawn Bossardet, | No. CV-21-00179-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Healthcare, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Second Motion for Leave to File Motion to Compel Indexes (Doc. 176), Plaintiff's Motion to Stay Expert Disclosure (Doc. 177), and Plaintiff's Motion to Supplement Complaint (Doc. 179).[1] The Motions are fully briefed and will be resolved as follows.

## I.    Background

Plaintiff Arron Shawn Bossardet—who was initially proceeding pro se but is now represented by counsel—brought this civil rights action pursuant to 42 U.S.C. § 1983, asserting Eighth Amendment medical care claims against multiple Defendants. (Doc. 17.) The parties are currently engaged in discovery.

. . . .

. . . .

_____

[1] Other pending motions will be resolved separately.

## II.      Second Motion for Leave to File Motion to Compel Indexes

On July 13, 2022, the Court issued an order denying Plaintiff's first Motion for Leave to File Motion to Compel Indexes. (Doc. 176.) The Court denied Plaintiff's Motion because it found that (1) Fed. R. Civ. P. 26 did not require disclosure of the indexes of Plaintiff's medical records and (2) Plaintiff had not provided a legal basis for ordering their disclosure. (*Id*.) Plaintiff now moves for leave to file a renewed Motion to Compel Indexes; the proposed Motion raises new legal arguments and asserts additional grounds for the disclosure he seeks. (Doc. 176-1.) Defendant Centurion opposes the Motion, arguing that it should be denied for the same reasons the first Motion to Compel was denied, and requests that if the Court allows the Motion to Compel, it be allowed an opportunity to respond. (Doc. 182.) Having considered the parties' previous attempts to resolve this discovery dispute and the proposed Second Motion to Compel, the Court will grant leave to file the Motion.

## III.     Motion to Stay Expert Disclosure

Plaintiff moves to stay the expert disclosure deadline until after the pending discovery dispute regarding Plaintiff's medical records is resolved. (Doc. 177.) Plaintiff avers that he has hired an expert and provided the expert with the documents he has in his possession; however, the completeness and accuracy of those documents remains in question considering the ongoing discovery dispute regarding his medical records. (*Id*.) Defendant Centurion opposes the Motion to Stay but stipulates to a thirty-day extension of all remaining discovery deadlines. (Doc. 184.) In reply, Plaintiff avers that his expert's opinion will be incomplete without the records that are the subject of the Motion to Compel and argues that an extension will not prejudice Defendant. (Doc. 188.) The Court will deny the Motion to Stay as moot in light of the September 13, 2022 Order extending the remaining deadlines in this matter. (Doc. 198.)

. . . .

. . . .

. . . .

## IV.     Motion to Supplement Complaint

Plaintiff seeks leave to supplement his First Amended Complaint ("FAC") filed on October 13, 2021. (Doc. 17.) The FAC states three claims against ten Defendants. (*Id.*)[2] In Count One, Plaintiff states an Eighth Amendment medical claim against Defendants Centurion, Riley, Hodge, Graybill, Alanso, Ferguson, Hines, Salgado, Elliott, and Shinn. (Doc. 16.) In Count Two, Plaintiff states a First Amendment claim against Defendants Riley, Hodge, and Hines. (*Id.*)  In Count Three, Plaintiff states an Eighth Amendment medical claim against Defendants Centurion and Shinn. (*Id.*) Plaintiff's proposed Supplemental Complaint alleges claims based on events that occurred between the filing of the FAC and June 30, 2022, when Dr. Neal recommended that Plaintiff receive fundoplication surgery. (Doc. 179.) Plaintiff's Reply clarifies that the events that are the subject of the proposed Supplemental Complaint occurred between April 18, 2022 and June 30, 2022. (Doc. 192.) Plaintiff avers that these additional events and claims are directly related to the operative Complaint and thus are essential for resolution of this action. (Doc. 179.)

In response, Defendants argue that Plaintiff's Motion (1) is untimely as the deadline to amend pleadings or add parties has passed and (2) offers no legal basis for granting the Motion to Supplement. (Doc. 189.) Defendant argues that Plaintiff's delay in filing the Motion and the prejudice of adding three new Defendants at this stage in the litigation warrant denial of the Motion to Supplement. (*Id.*)

### A. Supplemental Complaint

The supplemental facts and claims concern Count III. (Doc. 179-1 at 40-48.)[3] Plaintiff's Supplemental Complaint adds three Defendants to Count III: Isabella Waszkiewicz, NP, J. Hinkley, RN, and Murray Young, MD, Centurion's Associate

---

[2] The Court dismissed Defendant Headstream and Count Four in its October 12, 2021 Order screening the FAC.  (Doc. 16.)

[3] The proposed Supplemental Complaint also includes the original allegations of Plaintiff's FAC, including allegations related to defendants and counts—such as Defendant Headstream and Count IV—that the Court dismissed in its October 12, 2021 Order screening Plaintiff's FAC. (Doc. 16.) As Plaintiff does not allege any supplemental facts or claims related to dismissed defendants or counts, the Court assumes that the inclusion of such allegations was an oversight.

Regional Medical Director. (*Id.*) Plaintiff suffers from symptoms of Gastro Esophageal Reflux Disease ("GERD"). (*Id.* at 41.) Plaintiff alleges that in December 2021, he submitted a Health Needs Request ("HNR") requesting that the results of a March 2021 esophagram be sent to his treating gastroenterologist, Dr. Khan. (*Id.* at 44.) Plaintiff avers that on December 28, 2021, in response to his HNR, NP Mary Redwine placed a request for him to see Dr. Khan. (*Id.*) On February 14, 2022, Plaintiff submitted an HNR seeking a refill of Pepto-Bismol chews. (*Id.*) On March 4, 2022, Plaintiff had an appointment with Dr. Khan, who diagnosed GERD and severe regurgitation and recommended that Plaintiff continue his current medication and follow up with a surgeon for Nissen fundoplication surgery. (*Id.*)

On March 11, 2022, Isabella Waszkiewicz, NP, who was Plaintiff's treating provider at the time, placed a consultation request to have Plaintiff see a "gastro surgeon" at Dr. Khan's recommendation. (*Id.* at 44-45.) On March 17, 2022, Plaintiff—after suffering severe heartburn for seven days—placed an expedited HNR requesting a blood test for a stomach infection. (*Id.* at 45.) On March 18, 2022, J. Hinkley, RN, processed that HNR. (*Id.*) Hinkley did not see Plaintiff in the medical clinic or schedule him for a consultation with a provider but provided a written response stating in part that Plaintiff was receiving medication for GERD and a bed wedge. (*Id.*) Also on March 18, 2022, Murray Young, MD, denied NP Waszkiewicz's request that Plaintiff be evaluated for Nissen fundoplication surgery based on Dr. Khan's recommendation, and recommended instead that NP Waszkiewicz implement an "alternative treatment plan" ("ATP") consisting of educating Plaintiff. (*Id.* at 45-46.) On March 21, 2022, NP Waszkiewicz accepted the ATP and had a consultation with Plaintiff, who provided her with a letter describing his symptoms. (*Id.* at 46.) NP Waszkiewicz informed Plaintiff at that consultation that he would not receive the Nissen fundoplication surgery because it was too dangerous and that she would prescribe him a diet. (*Id.*) However, she did not prescribe a change of diet. (*Id.*)

On March 31, 2022, Plaintiff submitted an HNR seeking a refill of Pepto-Bismol chews and although the HNR was processed, he did not receive a refill. (*Id*.) On May 23, 2022, Plaintiff filed an Informal Complaint Resolution stating that he was not receiving his prescribed medication. (*Id*.) On May 24, 2022, he submitted an HNR stating that he did not have his prescribed Pepto-Bismol chews. (*Id*.) On May 25, 2022, Dr. Young signed a declaration that stated in part that Plaintiff was taking Celebrex, which could address pain but exacerbate GERD symptoms, and that he would try another medication in a different category. (*Id*.) Plaintiff avers that Dr. Young never informed him that Celebrex could exacerbate his GERD symptoms, did not discontinue the Celebrex prescription, and did not prescribe any other pain medication. (*Id*. at 47.) On June 6, 2022, Plaintiff had a clinical encounter with NP Hanson, who discontinued the Celebrex prescription. (*Id*.)

On June 17, 2022, the Court granted Plaintiff's Motion for Preliminary Injunction and ordered Defendant Centurion to immediately schedule Plaintiff to see a surgeon for a consultation regarding his GERD symptoms. (*Id*.; Doc. 157.) On June 30, 2022, Plaintiff consulted with Dr. Neal, MD, who recommended that Plaintiff move forward with the Nissen fundoplication surgery recommended by Drs. Khan and Wiseman. (*Id*.) Plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment stemming from NP Waszkiewicz's, Dr. Young's, and RN Hinkley's actions and inactions described above. (*Id*.)

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Having reviewed Plaintiff's proposed Supplemental Complaint and the parties' arguments, the Court will permit Plaintiff to file his proposed Supplement. The Court does not find that Plaintiff unduly delayed the Motion, nor does the Court find that Defendants Waszkiewicz, Hinkley, and Young will suffer undue prejudice from their addition to this litigation at this stage. Neither discovery nor dispositive motion briefing has been completed, and counsel for Centurion is representing all individually named Defendants in this action. Furthermore, the Court finds that a single lawsuit addressing all of Plaintiff's relevant medical-related claims is more just and efficient than leaving Plaintiff the sole option of filing a separate lawsuit raising the supplemental claims. The Court will therefore screen the claims raised in the proposed Supplemental Complaint pursuant to 28 U.S.C. § 1915A(a).

### B.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

### C. Eighth Amendment

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical

malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

A suit against a defendant in his or her individual capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his [or her] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In contrast, a suit against a defendant in his or her official capacity represents only another way of pleading an action against the entity that employs the defendant., 473 *Graham* U.S. at 165. That is, the real party in interest is not the named defendant but instead the entity that employs the defendant. *Id.* at 166. To bring a claim against a person in his or her official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

The Court finds that Plaintiff has stated an Eighth Amendment medical care claim against Defendants Isabella Waszkiewicz, NP, J. Hinkley, RN, and Murray Young, MD in the proposed Supplemental Complaint. The Court will order those Defendants to respond to the allegations set forth against them in the proposed Supplemental Complaint.

Accordingly,

. . . .

. . . .

. . . .

**IT IS ORDERED**:

(1) Plaintiff's Second Motion for Leave to File Motion to Compel Indexes (Doc. 176) is **granted**. Plaintiff shall file his Motion to Compel Indexes within **five (5) days** of the date this Order is issued. Defendant shall respond within **fourteen (14) days** of the date the Motion is filed, and Plaintiff may reply within **seven (7) days** of the filing of Defendant's response.

(2) Plaintiff's Motion to Stay Expert Disclosure Deadline (Doc. 177) is **denied as moot**.

(3) Plaintiff's Motion to Supplement Complaint (Doc. 179) is **granted**. Within **five (5) days** of the date this Order is filed, Plaintiff shall file a **Second Amended Complaint** that includes the claims and Defendants listed in the First Amended Complaint (Doc. 17) as well as the claims and Defendants added in the Supplemental Complaint as discussed herein. The Second Amended Complaint **shall not** include Count IV, Defendant Headstream, or any other Counts or Defendants that have previously been dismissed. Plaintiff shall serve the Second Amended Complaint on Defendants Waszkiewicz, Hinkley, and Young, and Defendants Waszkiewicz, Hinkley, and Young shall respond to the supplemental allegations of Count Three of the Second Amended Complaint, pursuant to the applicable Federal Rules of Civil Procedure.

Dated this 20th day of September, 2022.

Honorable Rosemary Márquez
United States District Judge