**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Shawn Bossardet, | No. CV-21-00179-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Healthcare, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Sanctions (Doc. 344), Defendant's Motion to Strike (Doc. 345), and Defendant's Motion for Leave to File Amended (Corrected) Reply in Support of Motion for Summary Judgment (Doc. 346). For the following reasons, the Court will deny Plaintiff's Motion for Sanctions and grant Defendant's Motion to Strike and Motion for Leave to File Amended (Corrected) Reply.

**I.   Background**

Plaintiff Arron Shawn Bossardet brought this civil rights action under 42 U.S.C. § 1983, asserting Eighth Amendment medical care claims against multiple Defendants. (Docs. 17, 211, 250.)[1] In a deposition, Plaintiff questioned Defendant Jillian Riley, NP ("Defendant" or "Riley") about her involvement in an April 10, 2020 medical encounter with Plaintiff. (Doc. 344 at 24-27.) Plaintiff provided Defendant with documentation of the encounter for her reference during the questioning. (*Id.* at 2, 24; Doc. 345 at 2.) Defendant indicated several times that she could not recall her involvement in the

---

[1] Plaintiff initiated this action pro se but then retained counsel. (Docs. 1, 17, 102.) On July 10, 2023, the Court granted Plaintiff's counsel's Motion to Withdraw. (Doc. 326.)

encounter. (Doc. 344 at 25-27.)

Defendant later filed a Motion for Summary Judgment in which she elaborated on her involvement in the April 10 medical encounter, confirmed that she and another nurse evaluated Plaintiff, and denied that she made certain statements to Plaintiff. (Doc. 298 at 3-4.) In response to Defendant's Motion for Summary Judgment, Plaintiff argued that Defendant's statements regarding the April 10 encounter were "suspicious" and not credible in light of her "sudden recovery of memories." (Doc. 317 at 3; Doc. 344 at 1-2.) In reply, Defendant asserted that her memory of the encounter was "refreshed" when she reviewed Plaintiff's medical records to prepare her Motion for Summary Judgment. (Doc. 338 at 4.) In a footnote with further explanation, Defendant erroneously stated:

> Plaintiff asked NP Riley whether she remembered being involved in this encounter during her deposition *without simultaneously providing her with a copy of the encounter record to review*. That her memory was later refreshed upon review of the record does not somehow create a credibility issue that precludes summary judgment in NP Riley's favor.

(Doc. 338 at 4, n.1 (emphasis added).)

Plaintiff then filed the pending Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (Doc. 344), and Defendant's Motion to Strike (Doc. 345) and Motion for Leave to File Amended (Corrected) Reply (Doc. 346) followed.

**II.   Legal Standard**

By filing a written motion or other paper, an attorney certifies that the "factual contentions have evidentiary support" to the best of the attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b)(3). After notice and a reasonable opportunity to respond, the Court may impose an appropriate sanction on an attorney who has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1). A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). The purpose of this "safe harbor" provision "is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the

- 2 -

offending pleading *and thereby escape sanctions*." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). The Ninth Circuit has accordingly recognized that "Rule 11 sanctions are not appropriate, given the safe harbor provision, unless an offending party has 'an opportunity to withdraw the complaint without suffering sanctions.'" *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1151 (9th Cir. 2003) (quoting *Barber*, 146 F.3d at 709).

### III. Discussion

#### A. Plaintiff's Motion for Sanctions and Defendant's Motion to Strike

Plaintiff's Motion for Sanctions avers that Defendant's attorney, Danielle N. Chronister ("Chronister" or "Counsel"), "lied to this Court" when she stated in her Reply in Support of Motion for Summary Judgment that Plaintiff did not simultaneously provide documentation of the April 10 medical encounter to reference during Riley's deposition. (Doc. 344.) Plaintiff requests that the Court sanction Chronister pursuant to Rule 11 of the Federal Rules of Civil Procedure. (*Id.*)

Defendant's responsive brief, styled as a Motion to Strike, asks the Court to strike Plaintiff's Motion for Sanctions pursuant to Local Rule of Civil Procedure 7.2(m)(1) because the Motion is prohibited. (Doc. 345.) Specifically, Defendant argues that the Motion did not comply with the safe harbor provision of Federal Rule of Civil Procedure 11(c)(2) because Plaintiff did not provide Defendant notice and a 21-day period to correct the alleged violation. (*Id.* at 1.) Counsel explains that she reviewed Riley's deposition transcript upon receipt of Plaintiff's Motion for Sanctions and now recognizes that her previous argument "appears to have been mistaken with respect to the timing of Plaintiff's reference to the exhibit in question during NP Riley's deposition." (*Id.* at 2.) Counsel avers that she "must have misread or misunderstood the relevant portion(s) of the transcript and reference to certain exhibits" and that she "never intended to mislead or misconstrue this Court." (*Id.* at 2, n.1.)

Plaintiff's Motion for Sanctions (Doc. 344) was filed with the Court on August 28, 2023, the same day Defendant alleges she received the Motion (Doc. 345 at 1). Counsel

1 filed her Motion for Leave seeking to correct the alleged violation on September 13, 2023. (Doc. 346.) Because Plaintiff sought to withdraw and correct the challenged contention within 21 days of receiving notice, the Court will deny Plaintiff's Motion for Sanctions (Doc. 344) as required by Rule 11's safe harbor provision.

Under Local Rule of Civil Procedure 7.2(m)(1), a party may file a motion to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Plaintiff's Motion for Sanctions (Doc. 344) did not comply with the safe harbor provision of Federal Rule of Civil Procedure 11(c)(2) because Plaintiff did not allow Defendant 21 days to withdraw the challenged contention before filing the Motion with the Court. Accordingly, the Court will grant Defendant's Motion to Strike (Doc. 345).

**B.  Counsel's Motion for Leave to File Amended (Corrected) Reply**

In Counsel's Motion for Leave to File Amended (Corrected) Reply in Support of Summary Judgment, Defendant seeks to correct the "inadvertent misstatement" contained in the footnote at issue. (Doc. 346.) Counsel contends that she should be permitted to correct the alleged violation within 21 days in accordance with Rule 11's safe harbor clause. (*Id.* at 2.) Defendant attached a Proposed Amended Reply in Support of Summary Judgment that deletes the entirety of the footnote discussed herein. (Doc. 346-1 at 5; Doc. 346 at 3.) Plaintiff did not respond to Defendant's Motion for Leave to File Amended (Corrected) Reply.

Because Counsel sought to correct the alleged Rule 11 violation within 21 days of receiving notice of the erroneous factual assertion, the Court will grant Counsel's Motion for Leave to File Amended (Corrected) Reply (Doc. 346).

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Doc. 344) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 345) is **granted**. Plaintiff's Motion for Sanctions (Doc. 344) is **stricken** from the record.

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Amended (Corrected) Reply in Support of Motion for Summary Judgment (Doc. 346) is **granted**. Within **five (5) days** of the date this Order is filed, Defendant shall file her Reply In Support of Motion for Summary Judgment (proposed version currently at Doc. 346-1).

Dated this 14th day of December, 2023.

_____
Honorable Rosemary Márquez
United States District Judge